UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO (CINCINNATI)

| | | |
|---|---|---|
| MICHELE PRICE, | ) | |
| | ) | CIVIL COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-317 |
| | ) | |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | **JURY DEMAND** |
| | ) | |

## COMPLAINT

Now comes MICHELE PRICE ("Plaintiff") complaining as to the conduct of PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, the Ohio Consumer Sales Practices Act ("CSPA") under Ohio Rev. Code Ann. § 1345 *et seq.*, and Ohio common law.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

[ 1 ]

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in this District and a substantial portion of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

4. Plaintiff is a natural person residing within this District.

5. Defendant is a third-party debt collector incorporated in Delaware and headquartered in Virginia.

6. Defendant regularly collects upon consumers located in the state of Ohio.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. Defendant is collecting upon an account of Plaintiff's that was incurred for the purchase of everyday personal (not business) items.

9. Defendant has placed various calls to Plaintiff, and Plaintiff and Defendant have spoken on a number of occasions.

10. Defendant is aware of Plaintiff's cell phone number, work phone number, and home address.

11. Nevertheless, when Plaintiff was unable to pay Defendant, Defendant began to call others regarding Plaintiff's debt.

12. Defendant contacted Plaintiff's son by telephone and asked where Plaintiff could be found.

13. Defendant stated to Plaintiff's son that Plaintiff owed Defendant money.

14. Defendant had no legitimate reason for calling Plaintiff's son because Defendant already knew Plaintiff's location and contact information.

15. Plaintiff has been unfairly harassed by Defendant's actions and has suffered an invasion of privacy.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff realleges the paragraphs above as though fully set forth herein.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

18. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

19. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others.

20. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes, namely an account for the purchase of everyday items.

21. Defendant violated § 1692b and § 1692c when it called Plaintiff's son without any legitimate purpose and disclosed information regarding Plaintiff's debt.

22. Plaintiff has suffered embarrassment and invasion of privacy as a result.

[ 3 ]

## COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

23. Plaintiff realleges the paragraphs above as though fully set forth herein.

24. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

25. Plaintiff is a "person" as defined by R.C. 1345.01(B).

26. Defendant is a "supplier" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

27. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

28. R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

29. Defendant has committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), by engaging in acts and practices in violation of the FDCPA as set forth above.

30. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq*. *See, e.g., Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

31. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3) and is liable.

### COUNT III — INVASION OF PRIVACY

32. Plaintiff realleges the paragraphs above as though fully set forth herein.

33. Ohio recognizes a cause of action for invasion of privacy based on "wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Sustin v. Fee*, 431 N.E.2d 992, 993 (Ohio 1982) (quoting *Housh v. Peth*, 133 N.E.2d 340 (Ohio 1956)).

34. Defendant invaded Plaintiff's privacy by revealing embarrassing information regarding her debt to a third party.

35. Plaintiff has suffered distress as a result and is entitled to actual and exemplary damages.

WHEREFORE, Plaintiff requests judgment as follows:

a. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

b. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

d. Awarding Plaintiff $200 in statutory damages and up to $5,000 in noneconomic damages per violation of the CSPA;

e. Awarding Plaintiff attorney fees together with an appropriate multiplier for time expended pursuing her CSPA claims;

f.  Awarding Plaintiff actual and punitive damages for invasion of privacy; and

g.  Awarding any other relief this Honorable Court deems just and appropriate.

Dated: April 30, 2019

<u>By: s/ Jonathan Hilton</u>

Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com
*Trial Attorney for Plaintiff*

<u>s/ Geoffrey Parker</u>

Geoffrey C. Parker (0096049)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
gparker@hiltonparker.com
*Attorney for Plaintiff*